**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., as Trustee for the | ) | |
| Pooling and Servicing Agreement dates as of | ) | |
| May 1, 2005 Asset-Backed Pass-Through | ) | |
| Certificates Series 2005-WHQ3, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 11-CV-4080 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| LAEL L. CRYDER and CITY OF JOLIET, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Wells Fargo Bank, N.A., as Trustee for the Pooling and Servicing Agreement dates as of May 1, 2005 Asset-Backed Pass-Through Certificate Series 2005-WHQ3 ("Wells Fargo"), filed this mortgage foreclosure action against Defendant Lael L. Cryder pursuant to 735 ILCS 5/15/-1501, seeking a judgment of foreclosure and sale in favor of Wells Fargo and an award of $152,600.34 plus interest and attorneys' fees. This matter is before the Court on Wells Fargo's motion for summary judgment [20]. For the following reasons, the Court grants Wells Fargo's motion for summary judgment [20] and enters judgment in favor of Wells Fargo and against Defendant Lael L. Cryder.

**I.     Background**

**A.     Factual History**[1]

---

[1]  Local Rule 56.1 requires that statements of fact contain allegations of material fact and that the factual allegations be supported by admissible record evidence. See L.R. 56.1; *Malec v. Sanford*, 191 F.R.D. at 583-85 (N.D. Ill. 2000). In this matter, Plaintiff filed a Local Rule 56.1(a) Statement of Material Facts. Defendant did not respond to Plaintiff's statement or file a Statement of Additional Undisputed Facts. Because Defendant failed to file her own statement of facts or contest Plaintiff's facts, the Court takes the relevant facts from Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts. See *Brasic v.*

On March 9, 2005, Argent Mortgage Company, LLC (AMC) lent Defendant Lael L. Cryder (Debtor), approximately $135,200.00. Cryder, an Illinois citizen and resident, executed an adjustable rate note in favor of AMC in exchange for receiving this money. Cryder agreed to pay 7.700 percent interest at a yearly rate as well as taxes, insurance, and any other escrow items that may apply. Cryder also agreed to make monthly payments on the first day of every month in the amount of $963.93. This amount was subject to change. AMC secured its interest in the note by filing a mortgage with the Will County Recorder on March 31, 2005. The mortgage covered the property described as: "Lot 590 in Longleat Unit No. 5E, Being a Subdivision of the North ½ of Section 2, Township 35 North, Range 9, East of the Third Principal Meridian, According to the Plat thereof recorded February 6, 1979 as document No.R79-4348, in Will County, Illinois." The property is more commonly known as 1243 Steven Smith Avenue, Joliet, IL 60431.

On March 25, 2011, AMC assigned its mortgage to Plaintiff, who received all of AMC's interest in the property pursuant to the mortgage and note. On March 1, 2010, Cryder failed to pay the monthly installment. On October 16, 2010, Plaintiff, by its servicer, issued a notice of default advising Cryder that it intended to accelerate the note. Cryder has failed to make payments from March 1, 2010 through the filing of Plaintiff's motion for summary judgment. Plaintiff sent a Grace Period Notice as prescribed by 735 ILCS 5/15/-1502.5 to Cryder on December 3, 2010.

There remains an outstanding balance of $152,600.34 as of August 29, 2011, with interest accruing on the unpaid principal balance at of $17.94 per day, plus attorney's fees and

---

*Heinemann's Bakeries, Inc., Inc.,* 121 F.3d 281, 284 (7th Cir. 1997); see also *Jupiter Aluminum Corp. v. Home Insurance Company,* 225 F.3d 868, 870-71 (7th Cir. 2000).

costs incurred by the Plaintiff as a result of the default. The City of Joliet holds an outstanding lien against Lael L. Cryder in the amount of $270.45, which was recorded on January 17, 2007, as document number R2007009737. Defendant Joliet has not filed an answer or otherwise responded to the complaint.

## II.    Summary Judgment Standard

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). On cross-motions for summary judgment, the Court construes all facts and inferences "in favor of the party against whom the motion under consideration is made." *In re. United Air Lines, Inc.,* 453 F.3d 463, 468 (7th Cir. 2006) (quoting *Kort v. Diversified Collection Servs., Inc.,* 394 F.3d 530, 536 (7th Cir. 2005)); see also *Gross v. PPG Industries, Inc.*, 636 F.3d 884, 888 (7th Cir. 2011); *Foley v. City of Lafayette, Ind.*, 359 F.3d 925, 928 (7th Cir. 2004). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted).

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the opposing] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

## III.   Analysis

This action presents a matter of contract interpretation. The basic rules of contract interpretation are well settled. In construing a contract, the primary objective is to give effect to the intentof the parties. *Gallagher v. Lenart*, 874 N.E.2d 43, 58 (2007). A court first looks to the language of the contract itself to determine the parties' intent. *Id.* If the words in the contract are clear and unambiguous, they must be given their plain, ordinary, and popular meaning. *Central Illinois Light Co. v. Home Insurance Co.*, 821 N.E.2d 206, 209 (2004). When a contract is unambiguous, interpretation of a contract is a matter of law that is particularly suited to disposition by summary judgment. *United States v. 4500 Audeck Model No. 5601 AM/FM Clock Radios*, 220 F.3d 539, 542-43 (7th Cir. 2000).

Here, the mortgage states: "This security agreement secures to [Plaintiff]: (i) the repayment of the loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of [Debtor's] covenants and agreements under this Security Instrument and the Note." The language of the mortgage provides that the Note is fully secured. It also provides that:

> [i]f the default is not cured * * * [Plaintiff], at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. [Plaintiff] shall be entitled to collect expenses incurred in pursuing the remedies provided in this paragraph * * * including, but not limited to reasonable attorney's fees and costs of title evidence.

It is undisputed that Cryder has failed to make all payments and is in default. Pursuant to the clear and unambiguous language of the mortgage, the entire unpaid balance of the note therefore is due and payable according to the terms of the mortgage.

As Defendant did not dispute any of Plaintiff's facts, there also is no dispute that the total indebtedness as of August 24, 2011 is $152,600.34, with unpaid interest accruing at $17.94 per day thereafter plus reasonable attorney's fees and costs. Attorneys fees and costs incurred to this point are $1,721.50.

Defendant Cryder alleges that Plaintiff has unclean hands. A party is not guilty of unclean hands if it has not engaged in any illegal or improper activity with regard to issuing and maintaining the subject mortgage and note. *Fed. Nat'l Mortgage Ass'n v. Schidgen*, 625 N.E.2d 227, 232-33 (Ill. App. Ct. 1993). Further, the burden of proof on an affirmative defense lies on the one asserting that defense. *Cordeck Sales, Inc. v. Construction Sys., Inc.*, 887 N.E.2d 474, 507. Cryder has not put forth sufficient evidence to show that the Plaintiff has engaged in any illegal or improper activity with regard to the mortgage and the note and also has failed to present any evidence to support the affirmative defense.[2]

Defendant further alleges that the terms of the mortgage and note were unconscionable. Again, the burden of proof on this defense lies with Cryder. See *Cordeck Sales, Inc. v.*

---

[2] In her response brief, Defendant alleges that she has not been afforded the opportunity to examine the files or engage in discovery to satisfy her burden. First, Plaintiff did not file a Rule 56(d) request for discovery. Furthermore, Plaintiff complied with the Defendant's request for production on October 20, 2011, giving Defendant nearly four months to review the documents provided. As stated in *Celotex*, Defendant cannot rest on the allegations contained in its previous pleading. In Defendant's response to Plaintiff's summary judgment motion, Defendant did not offer any facts or additional pleadings to show potential violations of the TILA or any other affirmative defenses. As with conclusory allegations in a complaint, conclusory allegations in an answer (with no factual support) cannot withstand a motion to dismiss, let alone a motion for summary judgment. Here, Defendant has not offered any facts to support her affirmative defenses. Her conclusory allegations are insufficient to create a genuine issue of material fact.

*Construction Sys., Inc.*, 887 N.E.2d 474, 507 (Ill. App. Ct. 1st Dist. 2008). Defendant has failed to put forth sufficient evidence which supports the affirmative defense. Further, the initial interest rate given to Defendant was 7.700%, which was later lowered under the loan modification agreement to 4.875%. These interest rates are reasonable and allowed under the law.

Finally, Cryder presents the defense of contributory negligence. This affirmative defense alleges the same as above in addition to stating that Plaintiff owed Cryder a duty of care in administering the loan. Cryder has failed to put forth sufficient evidence to show that a duty of care was owed or that Plaintiff breached that duty of care. To the contrary, Plaintiff issued Defendant a loan modification, lowering both the interest rate and the monthly payment amount.

In her response brief, Cryder contends that Plaintiff may have violated the Truth in Lending Act and therefore Defendant may be entitled to rescission for such violations. The United States Supreme Court has previously held that there is a three-year statute of limitations for claims of rescission. *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 418 (1998). The subject mortgage was dated March 9, 2005, precluding Defendant from any form of rescission.

Furthermore, with regard to Defendant's claims that the Plaintiff may have violated TILA, Plaintiff has presented a copy of the Borrower's Disbursement Authorization, which lists each and every disbursement and payment amount as required under TILA. Plaintiff also presented the Court with a copy of the Closing Instructions to Title, which illustrates each step and disclosure made at closing for the subject loan. Finally, Plaintiff attached the Borrower Information Document, which lists documents received by Defendant including the Consumer Handbook on Adjustable Rate Mortgages and which was signed by Defendant. These

disclosures, required under TILA, coupled with Defendant's failure to dispute or challenge any of these documents, preclude Defendant's claim of a TILA violation in these circumstances.

## IV.      Conclusion

For the reasons stated above, Plaintiff's motion for summary judgment [20] is granted. Judgment is entered in favor of Plaintiff Wells Fargo and against Lael L. Cryder on Plaintiff's mortgage foreclosure claim in the amount of $152,600.34, with unpaid interest accruing at $17.94 per day.  Plaintiff's request for attorneys' fees is denied at this time.  In the event that Plaintiff wishes to pursue attorneys' fees, Plaintiff must file detailed documentation to support its request, which it has not done to date.  The Court sets this matter for a status hearing on July 12, 2012 at 9:00 a.m., to determine whether Plaintiff wishes to pursue its claim against Defendant City of Joliet.

Dated:  June 28, 2012

_____
Robert M. Dow, Jr.
United States District Judge